## Weekly Abstract of PENDING CASES

### No. 452

STATE ex, v. HESS, Auditor
No. 19018. Supreme Court.

1157. TAXATION—Does fact that income, rents and profits of real estate is used for the purpose of endowments, and support of schools for free education of youths, make property from which said incomes are derived tax exempt under 5349 GC?

Edward Boss and the Union Savings Bank

and Trust Co. as the surviving trustees in liquidation of the Gambrinus Stock Co. brought an action in mandamus in the Hamilton Appeals, to compel William Hess, Auditor of said county, to call attention of the County Commissioners to the fact that taxes had been erroneously charged against and collected from the corporation, for five years preceding June 1, 1922. Hess demurred to the amended petition and his demurrer was sustained and, Boss not desiring to plead further, judgment was rendered in favor of Hess.

It seems that the plaintiff's were lessees of certain real estate, and the rents, profits, and income received therefrom was given to the school district of Cincinnati, for use and support of schools for free education. It is contended that Hess in 1922, discovered that taxes paid in 1917 had been erroneously charged and collected and he removed the property in question from the tax duplicate; but he had failed to call attention of the error to the County Commissioners. The Court of Appeals in its opinion, cited the case of Rose Institute v. Myers 92 OS. 252, and said:

1. It is the use of the property which renders it exempt or non-exempt, not the use of the income derived from it.

2. The exemption is not a release in personam, but a release in rem, and the thing to which the release applies must be found and identified by the officers or no exemption can be recognized.

Boss brings the case to the Supreme Court as a petition in error and contends that 5349 GC applies because property, the income of which is used for endowment or to support schools for free education, is exempt from taxes.

It is contended that the rule in the Rose Institute case, 92 OS 252 does not here apply because the Rose Institute was a private charitable corporation and the so-called exemption rules laid down in that case were in reference to the property owned by a charity. In this case the property is owned by a public body.

The land involved under the constitution and statute is exempt from taxation, and under 2588, 2589 and 2590 GC the auditor is charged with informing the County Commissioners of an erroneous collection, said section also providing for a refunder in that event.

Attorneys—Taft, Stettinius and Hollister, for State, ex; Chas. S. Bell and Louis Schneider for Hess; all of Cincinnati.